UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>ISAAC ALCAUTER BARAJAS,<br><br>    Defendant/Petitioner. | NO. CR-08-6008-EFS<br>(NO. CV-10-5030-EFS)<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255** |

Before the Court, without oral argument, is Petitioner Isaac Alcauter Barajas' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Ct. Rec. 118). Mr. Barajas contends he was denied effective assistance of counsel during sentencing because defense counsel failed to seek a role-in-the-offense reduction. As explained below, the Court denies the motion.

**A.   Background**

On February 12, 2008, Mr. Barajas was charged with a single count of distribution of a controlled substance, which was a mixture and substance containing at least 150 grams but less than 500 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1): a charge with a mandatory minimum sentence of ten years, 21 U.S.C. § 841(b)(1)(A). Mr. Barajas entered a guilty plea pursuant to this charge on September 30,

ORDER ~ 1

2008. The Court accepted the plea as knowingly, intelligent, and voluntary. (Ct. Rec. 72.) The Court sentenced Mr. Barajas to 120 months imprisonment on February 18, 2009. (Ct. Rec. 99.)

**B.  Review Standard**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted. Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.  Analysis**

Viewing the record under this standard, the Court denies Mr. Barajas habeas relief. The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment. This right is violated when 1) counsel's performance fell below an objective standard of reasonableness and 2) the criminal defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is a high standard for the criminal defendant as a court is to be highly deferential to counsel's chosen performance. *Strickland*, 466 U.S. at 689; *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998). Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). A criminal defendant is

prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Barajas contends that defense counsel failed to provide effective assistance of counsel by not asking the Court to consider Mr. Barajas' minor role in the offense at sentencing. However, given the undisputed facts relating to the offense set forth in the Presentence Investigation Report, a role-in-the-offense reduction was unwarranted: on two occasions, Mr. Barajas sold a large amount of methamphetamine with a confidential source during which he negotiated the price. And regardless of whether a role-in-the-offense reduction was factually warranted, the offense with which Mr. Barajas was charged and pled guilty to imposed a ten-year mandatory minimum sentence. Therefore, absent a substantial assistance departure under 18 U.S.C. § 3553(e) or the application of safety valve under 18 U.S.C. § 3553(f), the Court was required to impose at least a ten-year sentence. Because Mr. Barajas had a criminal history category of III, safety valve did not apply. The only remaining relief from the ten-year mandatory minimum sentence was substantial assistance: Mr. Barajas chose not to provide assistance to the Executive Branch.

Because the undisputed facts did not support a role-in-the-offense reduction and the Court imposed the minimum sentence that could be imposed under the circumstances, Mr. Barajas failed to show that defense counsel provided ineffective assistance by which he was prejudiced. Therefore, it plainly appears from the face of the motion and prior

proceeding that Mr. Barajas is not entitled to the requested habeas relief.  For the above-given reasons, **IT IS HEREBY ORDERED**:

    1.   Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 **(Ct. Rec. 118)** is **DENIED**.

    4.   The Court **DECLINES** to issue a certificate of appealability.

    5.   The related civil case file is to be **CLOSED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy of this Order to Petitioner and counsel.

**DATED** this ___20th___ day of May 2010.


                                S/ Edward F. Shea
                                EDWARD F. SHEA
                           United States District Judge

Q:\Criminal\2008\6008.deny.habeas.wpd

ORDER ~ 4