UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>ISAAC BARAJAS,<br><br>　　　　Defendant/Petitioner. | NO. CR-08-6008-EFS<br>(NO. CV-10-5127-EFS)<br><br>**ORDER DENYING PETITION FOR HABEAS RELIEF UNDER 28 U.S.C. § 2255 ON MOTION TO SET ASIDE, VACATE, OR CORRECT SENTENCE** |

Before the Court, without oral argument, is Petitioner Isaac Barajas' Petition for Habeas Relief Under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate, or Correct Sentence. (ECF No. 123.) Mr. Barajas contends the sentence is invalid because 1) the Court incorrectly calculated the base offense level by not accurately reflecting his role in the offense, and 2) it violates the Eighth Amendment's prohibition against cruel and unusual punishment. As explained below, the Court denies the petition.

**A.　Background**

On February 123, 2008, Mr. Barajas was charged with distributing a mixture and substance containing at least 150 grams but less than 500 grams of actual methamphetamine in violation of 21 U.S.C. § 841 (a)(1) (ECF No. 1.) This charge had a mandatory-minimum sentence of ten years.

ORDER ~ 1

21 U.S.C. § 841(b)(1)(A). Mr. Barajas entered a guilty plea without a plea agreement, to this charge on September 30, 2008. (ECF No. 71.) The Court accepted the plea as knowing, intelligent, and voluntary. (ECF No. 72.) The Court sentenced Mr. Barajas to 120 months imprisonment on February 18, 2009. (ECF No. 99.)

**B.   Review Standard**

The Court examines a § 2255 motion and the record to determine whether summary dismissal is warranted. Rules Governing § 2255 Proceedings for the U.S. Dist. Cts 4(b). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief," the Court must deny the motion. *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.   Analysis**

Viewing the petition and record under this standard, the Court denies Mr. Barajas habeas relief. First, in relation to his first ground for relief, Mr. Barajas argues that the Court violated 18 U.S.C. § 3553(a) by failing to accurately assess his role in the offense when calculating the base offense level. However, Mr. Barajas agreed at sentencing that the base offense level was thirty four; and upon review of the record, the Court determines that the offense level calculations were correct. Moreover, when considering all of the § 3553(a) factors, the Court imposed a sentence lower than the applicable U.S. Sentencing Guideline range, which was 151 to 188 months. In fact, the Court imposed the shortest sentence possible: the 120-month mandatory-minimum sentence

ORDER ~ 2

required for Mr. Barajas' methamphetamine conviction.  21 U.S.C. § 841(b)(1)(A).

Second, the Court concludes the record plainly establishes that Mr. Barajas' 120-month sentence does not contravene the Eighth Amendment's prohibition against cruel or unusual punishment.  The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. Amend. VIII.  "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).  Although Mr. Barajas' longest jail stay before this federal conviction was only two days, the imposed ten-year mandatory-minimum sentence is not cruel and unusual because the unobjected-to facts establish that Mr. Barajas sold methamphetamine on at least two occasions.  *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1265 (9th Cir. 2005) (determining that a twenty-year mandatory minimum sentence under 21 U.S.C. § 841 did not constitute a cruel and unusual punishment); *United States v. Barajas-Avalos*, 377 F.3d 1040, 1060 (9th Cir. 2004) (affirming 360-month sentence for conspiracy to manufacture methamphetamine even though the defendant had never before been convicted of either a felony or a crime of violence).

**D.  Conclusion**

Accordingly, it plainly appears from the petition and record that Mr. Barajas is not entitled to the requested habeas relief.  For the above-given reasons, **IT IS HEREBY ORDERED**:

ORDER ~ 3

1. Mr. Barajas' Petition for Habeas Relief Under 28 U.S.C. § 2255 on Motion to Set Aside, Vacate, or Correct Sentence **(ECF No. 123)** is **DENIED**.

2. The Court **DECLINES** to issue a certificate of appealability.

3. The related civil case file is to be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy of this Order to Petitioner and counsel.

**DATED** this \_\_\_16th\_\_\_ day of December 2010.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
                United States District Judge

Q:\Criminal\2008\6008.deny.habeas.3new.wpd

ORDER ~ 4